## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| Rodrigo Reyes Zavala, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| G.J.C. 1 Flooring, Inc. and Sussan N. Fuentes, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**Now Comes** Plaintiff Rodrigo Reyes Zavala ("Plaintiff"), by attorneys, Justicia Laboral LLC, and in complaining against Defendants G.J.C. 1 Flooring, Inc. ("G.J.C. 1 Flooring") and Sussan N. Fuentes (cumulatively "Defendants"), states:

### Introduction and Parties

1.      This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law (820 ILCS 105/1, *et seq*) ("IMWL"), the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq*)("IWPCA") , and the Chicago Minimum Wage and Paid Sick Leave Ordinance (Chicago Code Chapter 1-24-010 *et seq*) ("Chicago Wage Ordinance") for Defendants' failure to pay overtime wages owed.

2.      Plaintiff is a resident of Illinois; he was formerly employed by Defendants.

3.      Defendant G.J.C. 1 Flooring is a flooring company and an Illinois corporation that conducts business in Kane County, Illinois; during relevant periods, it employed four or more employees.

4.      Defendant Sussan N. Fuentes is the president and owner  of G.J.C. 1 Flooring .  On information and belief, the resides in this federal district.

### Jurisdiction And Venue

1

5.     The Court possesses subject matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and possesses subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

6.     Venue is proper in the Northern District of Illinois because Defendants reside in this district and the events giving rise to these claims occurred in this district.

### Facts Common To All Claims

7.  At all relevant times, Plaintiff was Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and/or under the Chicago Wage Ordinance; Plaintiff does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and/or under the Chicago Wage Ordinance.

8.     Defendant G.J.C. 1 Flooring  is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, as it is a privately-owned for-profit entity.

9.     Defendant Sussan N. Fuentes is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, because: (1) s/he was Plaintiffs' boss; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

### Count 1 – Violation(s) of FLSA

10.     Plaintiff reincorporates ¶¶ 1-9, as if set forth in full herein for Paragraph 10.

11.     Plaintiff alleges the following related to his employment with Defendants:

a) s/he began working in 2014, and his last day of work was on or about July 2021;

b) he installed wooden floors for the Defendants;

c) any tips he received were *de minimis;*

d) he worked 70 hours per week on average;

e) his hourly salary was $20.00;

f) he did not receive time and a half for hours he worked in excess of 40 in any work week;

12.     Throughout the course of his/her employment and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff to work in excess of forty (40) hours per week, every week, that Plaintiff worked for Defendants; Plaintiff in fact worked in excess of forty-hours for each work week.

13.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

14.     Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $42,900.00 in unpaid overtime and/or minimum wages; (ii) and liquidated damages of $42,900.00 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

        **WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendants G.J.C. 1 Flooring, Inc. and Sussan N. Fuentes, jointly and severally, for:

A.      The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $42,900.00;

B.      An award liquidated damages in an amount equal to at least $42,900.00;

C.      A declaration that Defendants violated the FLSA;

D.      An award reasonable attorneys' fees and costs; and

E.      Any such additional or alternative relief as this Court deems just and proper.

<strong>Count 2 – Violation of IMWL</strong>

15.      Plaintiff reincorporates ¶¶ 1-14, as if set forth in full herein for ¶ 15.

16.  This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

17. Defendants directed Plaintiff to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

18. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

19. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

20. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

21. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

      **WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendants G.J.C. 1 Flooring, Inc. and Sussan N. Fuentes, jointly and severally, for:

      A.  The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $42,900.00;

B.   Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C.   Declare that Defendants have violated the IMWL;

D.   Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E.   Grant such additional or alternative relief as this Honorable Court deems just and proper.

_____s/   James M. Dore_____

**Justicia Laboral LLC**
**James M. Dore (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 312-726-8401
E: jdore@justicalaboral.com

**Plaintiffs request trial by jury for all counts where allowed**